IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MELINDA WING**                                                                                          **PLAINTIFF**

V.                                          NO. 3:20-CV-00414-JTK

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISRATION**                                         **DEFENDANT**

**ORDER**

I. **Introduction:**

Plaintiff, Melinda Wing ("Wing"), applied for disability benefits on July 9, 2018. (Tr. at 10). In the application, she alleged disability beginning on June 22, 2018. *Id*. The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Wing's application. (Tr. at 19). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Wing has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

II. **The Commissioner's Decision:**

The ALJ found that Wing had not engaged in substantial gainful activity since the alleged onset date of June 22, 2018.[2] (Tr. at 12). At Step Two, the ALJ found that Wing had the following

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

severe impairments: depressive and anxiety disorders. *Id*.

At Step Three, the ALJ determined that Wing's impairments did not meet or equal a listed impairment. (Tr. at 13). Before proceeding to Step Four, the ALJ determined that Wing had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, with some additional limitations related to mental impairments: (1) she can perform simple, routine, and repetitive tasks; (2) she can make simple work-related decisions; (3) she can concentrate, persist, and maintain pace with normal breaks; (4) she requires incidental interpersonal contact with coworkers and can have no contact with the public; and (5) she requires simple, direct, and concrete supervision. (Tr. at 15).

At Step Four, the ALJ determined that Wing was unable to perform any of her past relevant work. (Tr. 18). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Wing's age, education, work experience and RFC, that she could perform work in the national economy. (Tr. at 19-20). Therefore, the ALJ concluded that Wing was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Wing's Arguments on Appeal

Wing contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ did not properly evaluate the medical opinion of Wing's treating provder and that the RFC did not fully incorporate Wing's limitations. The Court finds support for Wing's first argument.

Wing suffered from anxiety and depression, and while she tried to work, she had to stop after short attempts due to her conditions; the ALJ did not discuss these failed work attempts.[3] (Tr. at 42-43, 416-419, 555-558). Wing required an inpatient psychiatric hospitalization for three days in August 2018. (Tr. at 505-527). Throughout the relevant time-period, Wing saw Allison Russell, a psychiatric nurse practitioner, for therapy and medication management. (Tr. at 416-419,

---

[3] *Cain v. Saul*, 2020 U.S. Dist. LEXIS 86009 at *7 (W.D. Ark. May 12, 2020) (reversal was proper where ALJ failed to discuss claimant's failed work attempt).

3

500-503, 520-527, 559-566, 680-683). APRN Russell completed a medical source statement on October 22, 2019, and also submitted a short letter. (Tr. at 688-701). She opined that Wing would have problems with basic mental work functions. *Id*. The ALJ did not properly evaluate this evidence.

On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017). See *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 U.S. Dist. LEXIS 110370 *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

ALJs are required to explain their decisions as to the two most important factors: supportability and consistency. 20 C.F.R. § 404.1520(b)(2). These requirements are meant to provide individuals with a better understanding of the Commissioner's decision and provide sufficient rationale for a reviewing adjudicator or court. *Phillips, supra*; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 at 5854, 5858 (January 18, 2017).

In a recent Eighth Circuit case, the Court reversed the ALJ's decision because he did not discuss both supportability and consistency of a medical opinion. *Bonnett v. Kijakazi*, 859 Fed.

Appx. 19 (8th Cir. 2021) The Court explained that the ALJ only addressed one of the two fundamental prongs. This Court has done the same where the ALJ did not discuss both prongs. *Bonneau v. Saul*, No. 3:20-cv-00095-PSH, 2021 U.S. Dist. LEXIS 44605, at *11 (E.D. Ark. March 10, 2021) (reversing an ALJ's decision when the ALJ "completely ignored the [supportability] factor"). In this case, not only did the ALJ not discuss either supportability or consistent as they related to APRN Russell's opinion, but she did not assess the opinion's "persuasiveness" as is required by the regulations. (Tr. at 17). The Court cannot be left to guess at how an ALJ viewed treating provider medical opinions. Only when an ALJ assesses persuasiveness, supportability, and consistency, does she clear the bar for evaluation of medical opinions.[4]

### IV. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not properly evaluate the opinion of Wing's treating provider. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 11th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Wing points out in her brief that the ALJ did discuss persuasiveness, supportability, and consistency when evaluating the two state-agency psychological experts' opinions. Doc. No. 15 at 20.